WR-83,797-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/28/2015 6:00:15 PM
Accepted 8/31/2015 9:53:03 AM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
8/31/2015
ABEL ACOSTA, CLERK

# EXHIBIT 1

## INDICTMENT

CAUSE NO. 37458

BOND $ @ Court  45,000

JUDGE _____

AUG 24 D 1:48 ...RICT COUNTY, TX

THE STATE OF TEXAS VS. DARREL ALLEN CURLEE

CHARGE: AGGRAVATED ASSAULT WITH A DEADLY WEAPON
AGGRAVATED ASSAULT THREAT-WITH A DEADLY WEAPON

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Hill, State of Texas, duly selected, empaneled, sworn, charged and organized as such at the JULY/DECEMBER term, A.D., 2012 of the 66th Judicial District Court for said County, upon their oaths present in and to said court at said term that DARREL ALLEN CURLEE hereinafter styled Defendant, on or about the 15TH DAY OF JUNE 2012 and before the presentment of this indictment, in the County of Hill and State aforesaid, did then and there unlawfully, intentionally or knowingly or recklessly cause bodily injury to Christopher Jordan Wally by cutting him with a knife, and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

And it is further presented that prior to the commission of the primary offense by the said Darrel Allen Curlee, to-wit: on the 25th day of February 1983, in the District Court of San Miguel County, New Mexico in Cause No. 81-73-CR on the docket of said Court, the said Darrel Allen Curlee, under the name of Darretll Allen Curlee, was duly and legally convicted in said last named Court of a felony, to-wit: Second Degree Murder upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Darrel Allen Curlee, prior to the commission of the primary offense.

And it is further presented that before the commission of the primary offense and after the conviction in Cause No. 81-73-CR was final, the defendant, Darrel Allen Curlee, committed the felony of Burglary and was convicted on the 9th day of May 1989 in the Seventh Judicial District Court of San Juan County, Utah, in Cause No. 767.

And it is further presented that on or about the **15TH DAY OF JUNE 2012** in the County of Hill and State of Texas, the defendant, **DARREL ALLEN CURLEE** , did then and there intentionally or knowingly threaten Jerry Wayne Vessells with imminent bodily injury by attempting to cut and/or stab him with a knife and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

And it is further presented that prior to the commission of the primary offense by the said Darrel Allen Curlee, to-wit: on the 25th day of February 1983, in the District Court of San Miguel County, New Mexico in Cause No. 81-73-CR on the docket of said Court, the said Darrel Allen Curlee, under the name of Darrell Allen Curlee, was duly and legally convicted in said last named Court of a felony, to-wit: Second Degree Murder upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Darrel Allen Curlee, prior to the commission of the primary offense.

And it is further presented that before the commission of the primary offense and after the conviction in Cause No. 81-73-CR was final, the defendant, Darrel Allen Curlee, committed the felony of Burglary and was convicted on the 9th day of May 1989 in the Seventh Judicial District Court of San Juan County, Utah, in Cause No. 767.

Foreman of the Grand Jury



# EXHIBIT 2

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | HILL COUNTY, TEXAS |
| DARRELL ALLEN CURLEE | § | 66TH JUDICIAL DISTRICT |

## ORDER APPOINTING AN ATTORNEY

On the 13TH day of AUGUST, 2012, it was made known to the Court that the defendant Darrell Allen Curlee was in need of an attorney, and it appearing to the Court that the said Defendant should have an attorney, it is ORDERED by the Court that Terrance Russell a practicing attorney of this Court, be and is hereby appointed to represent the Defendant in the above cause.

This defendant has been charged with:     AGG ASSAULT W/ DEADLY WEAPON (2 COUNTS)

**NEXT HEARING DATE:   NO DATE AT THIS TIME**

Signed this 13TH day of AUGUST, 2012.

_____
Presiding Judge

☒Defendant is in the Hill County Jail

☐  Defendant is not in the Hill County Jail and can be reached as follows:

# EXHIBIT 3

## UNSWORN DECLARATION
## CPRC § 132.001

"My name is Darrell Allen Curlee, my date of birth is October 30, 1946, and my address is 406 Hall St., Hillsboro, Texas 76645. I declare under penalty of perjury that the following is true and correct.

"I want Attorney Terence A. (Tiger) Russell to remain as my court-appointed attorney in Cause #37,458 in the 66th District Court, Hill County, Texas. I never asked for another counsel in this matter."

EXECUTED in Hill County, State of Texas on the 24th day of April, 2015.

_Darrel A. Curlee_
Declarant

# EXHIBIT 4

CAUSE NO 37,458

| STATE OF TEXAS | § | 66TH DISTRICT COURT |
| --- | --- | --- |
| VS | § | HILL COUNTY, TEXAS |
| DARRELL CURLEE | § | |

## ORDER APPOINTING ATTORNEY

On the 27TH day of February, 2015, the Court determined that additional counsel was needed in the above reference case. Therefore, it is ORDERED that Lyle Gripp be appointed as additional counsel and designated as lead counsel in the above cause.

This defendant has been charged with:     AGG ASSAULT W/DEADLY WEAPON X 2 COUNTS
**ATTORNEY CONTACT INFO:**
100 N. 6TH STE. 703
WACO, TEXAS 76701
254-756-1112

**NEXT HEARING DATE:**   JURY TRIAL April  13, 2015 @9pm

Signed this 27TH day of February, 2015

Presiding Judge

☒Defendant is in the Hill County Jail

☐ Defendant is not in the Hill County Jail and can be reached as follows:

CC:     ATTORNEY VIA FAX
        TERRENCE RUSSELL VIA FAX
        DEFENDANT VIA ☐ US MAIL   ☒ JAIL MAIL

Exhibit "A"

# EXHIBIT 5

JANET McCONATHY
COURT REPORTER
jmcconathy@co.hill.tx.us



**LEE HARRIS, JUDGE**
66TH JUDICIAL DISTRICT COURT
HILL COUNTY COURTHOUSE
P.O. BOX 284
HILLSBORO, TX 76645

JANE HALL
COURT COORDINATOR
jhall@co.hill.tx.us

IDA ALCALA
ASST. COURT COORDINATOR
ialcala@co.hill.tx.us

March 5, 2015

WAYNE ARELLANO
Hill County Jail

Dear Mr. Arellano:

Ref: 38,425 and 38,150

The Court has received yours letter Mailed March 4, 2015. The law prohibits me from giving you any legal advice. No exparte communication is allowed. I will, however, forward a copy of your letter to your attorney (if applicable) and to the District Attorney for such action as they deem appropriate.

Thank you,

Lee Harris, Judge

CC:  Mark Pratt, District Attorney
Terence Russell 254-582-5593
Mark Morris 254-757-1505

WAYNE Arellano    vs    STATE of Texas
CAUSe NO 38,425
CAUSe NO 38,150

I WAYNE Arellano Have Been iN Hill COuNty JAiL Since 10-3-2014 AND I weNt iN Front OF the JUDGE ON my BeHAlF FiNally ON these CASes AND I Been Held ON HeAr SAy AND threats LoNg ENough is there ANy WAY I CAN SigN For 6 moNths Credit For what I HAVE NOW iN Hill COuNty "Dismissing the "Buglary OF BuilDiNg" AND plea NOlo CoNtestANt BecAuse I DoNt wANt to Fight For my FreeDom INCArserated CAuse this is Not JUStice AND I'm williNg to SigN toDAy CreDited time 6 moNths So that I CAN get BACk to my FAmily AND ChilDren AND life itself. TerrANce tAlKeD to me AND FAxeD my CAuses to MArk morris 605 AUStin AvE STE 2 WACO TX 76701 # 254 752-1254 PleAse CAN I Come to A PleA CAuse my FAmily NeeDs me AND with PArole HolD I'm tireD of FightiNg CAuses that I'm INNoceNt ON please Let me BACk to FreeDom!

TerrANce SAiD Drop Buglary of BuilDiNg AND CreDit time I BeeN IN Hill COuNty For TheiF Prop or Drop these CHArges For time I BeeN iN Hill COuNty I NeeD my FAmily BACk!!


CRAIG HAGOOD
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 02-05-2016

WAYNE Arellano

Please BeFore the NexT HeArinG DAte March 24th I'm reADy to SigN what DO I HAVE to DO !!! SooNer

# EXHIBIT 6

**Subject:** Wayne Louis Arellano

**From:** Tiger Russell (tiger_russell@att.net)

**To:** mkmwacolaw@aol.com;

**Date:** Monday, March 2, 2015 4:55 PM

The DA made an offer on his case of agreed to accept the plea offer. All that remains to be done is to call and schedule a plea date with the court. Not sure why additional counsel was needed to plead out a case?

Terence A. "Tiger" Russell
Attorney & Counselor at Law
PO Box 306
Hillsboro, Texas 76645
254-580-9282
254-582-5593 (fax)

ELECTRONIC MAIL CONFIDENTIALITY STATEMENT: The information contained in this electronic message is intended only for the use of the addressee and may contain information that is confidential, privileged or otherwise protected from disclosure under applicable law. You are not authorized to read this electronic message if you are not the intended recipient. Any dissemination, distribution, or copying of this communication by any person is strictly prohibited. NO ATTORNEY/CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT PRIVILEGE, OR OTHER CONFIDENCE OR PRIVILEGE IS WAIVED. If you have received this communication in error, please notify Attorney Terence A. "Tiger" Russell immediately by reply mail or by telephone 254-580-9282

# EXHIBIT 7



JANET McCONATHY
COURT REPORTER
jmcconathy@co.hill.tx.us

LEE HARRIS, JUDGE
66TH JUDICIAL DISTRICT COURT
HILL COUNTY COURTHOUSE
P.O. BOX 284
HILLSBORO, TX 76645
(254) 582-4045
(254) 582-4010 fax
harris@co.hill.tx.us

JANE HALL
COURT COORDINATOR
jhall@co.hill.tx.us

IDA ALCALA
ASST. COURT COORDINATOR
ialcala@co.hill.tx.us

March 18, 2015

Mark Morris
Woolworth Suites
605 Austin Ave Ste 2
Waco, Texas 76701

BY FAX 254-757-1505

Terence Russell
P.O. Box 306
Hillsboro, Texas 76645

BY FAX 254-582-5593

Re: State of Texas vs. Wayne Louis Arellano

March 13, 2015, Mr. Arellano pled to 6 months State Jail on cause # 38,425. Prior to the plea hearing date, the Court appointed Mark Morris as additional counsel and designated him as lead counsel. The Judge would like to know if Mr. Morris was notified of the plea hearing date and why Mr. Russell appeared for Mr. Arellano's plea when the Court specifically appointed Mr. Morris as lead counsel.

Sincerely,

Ida Alcala,
Asst. Court Coordinator

CC: Mark Pratt, DA



# EXHIBIT 8

# TERENCE A. (TIGER) RUSSELL, ATTORNEY AT LAW

PO Box 306 • Hillsboro, TX 76645 • 254-580-9282 or 254-396-3219 • (FAX) 254-582-5593

March 18, 2015

Honorable Lee Harris
66th Judicial Court
Hill County, Texas

*Via verified facsimile to 582-4010*

Re: Wayne Arellano; Nos. 38,425 & 38,150

Your Honor, Judge Lee Harris:

As shown in the email correspondence between myself and Ms. Crain (exhibit A), negotiations on the plea were concluded prior to the appointment of Mark Morris as "lead" counsel. Upon receipt of the court's decision that additional counsel was needed on all of the cases to which I was appointed, without hearing or any reasoning given therefore, I emailed Mark Morris advising him that such deal had been reached and accepted by Mr. Arellano (exhibit B).

Although he emailed me about the Phillips case (the other of my cases to which Mark Morris was appointed "lead" counsel), he did not respond to my email regarding Mr. Arellano and the need to schedule a plea hearing. Upon receipt of the attached letter, regarding a letter received by the court from Mr. Arellano (exhibit C), it appeared that no plea date had been scheduled by Mr. Morris and Mr. Arellano was displeased that it had not been done.

Someone needed to get a plea date set and get this case resolved. As no duties regarding what was to be done by lead counsel and what duties I still had on the case, I could see no harm to anyone by my getting the plea date scheduled and disposing of the case. I had put in considerable time and effort representing Mr. Arellano and it did not appear feasible for Mr. Morris to travel from Waco in order to finalize the plea for the sum of $70.00 to $100.00.

Also, I appeared on March 3 and disposed of another of the 8 cases wherein the judge found that additional counsel was needed, the day after receiving said notice that new "lead" counsel was appointed, without complaint from the court or anyone else.

Additionally, I have received the letter marked herein as exhibit 'D' from Mr. Arellano wherein he thanks me for all the effort I put into his case.

Please feel free to contact me should you wish to discuss this matter further.

Most sincerely,

Terence A. (Tiger) Russell
Attorney at Law

TAR:dim

# EXHIBIT 9

Terrance,

I writing just to tell you thank you for representing my cases, and it has been a long process but it has been a plesure just getting to know you! I'm asking you to please FAX parole a copy of my plea agreement so that they know that are cases are done if you haven't already but they are waiting on that information! Thank you again Sir and God be with you and if I can ever be help to you I'll see you on different basis!

Thank you!
Wayne Arellano

Mrs Trevino
# 254 848-2547
5401 North Hwy 6
Waco, TX 76712

Boord of Pardons
# 512 406-5202    Jennifer
Austin, TX 78757



# EXHIBIT 10

**Subject:** Cause No. 38,292 38,295 38,296 28.331 State of Texas vs. Michael Phillips

**From:** mkmwacolaw@aol.com (mkmwacolaw@aol.com)

**To:** tiger_russell@att.net;

**Cc:** mpratt@co.hill.tx.us;

**Date:** Wednesday, March 25, 2015 10:16 AM

Mr. Russell,

In light of recent events I want to make it clear as lead counsel that you are to take no actions in regard to the above referenced cases unless I have approved them.

Mark K. Morris
Attorney at Law
Woolworth Suites
605 Austin Ave., Suite 2
Waco, Texas 76701
Tel: (254) 752-1254
Fax: (254) 757-1505

Board Certified--Family Law
Texas Board of Legal Specialization

# EXHIBIT 11


FILED
ANGELIA ORR DISTRICT
CLERK HILL COUNTY, TX
2015 APR -2 AM 10: 37

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **66th JUDICIAL DISTRICT** |
| | § | |
| **DARRELL ALLEN CURLEE** | § | **HILL COUNTY, TEXAS** |

## MOTION TO SET ASIDE FEB. 27, 2015 ORDER APPOINTING COUNSEL

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Terence A. "Tiger" Russell, Movant, and brings this Motion to Set Aside Feb. 27, 2015 Order Appointing Counsel and in support thereof shows:



1. Movant herein is an attorney licensed by the State Bar of Texas and has been continuously in good standing since being licensed in 1987.

2. Movant is attorney of record for Darrell Allen Curlee and was appointed by the Court to represent Defendant Aug. 13, 2012.

3. Movant has filed the following on behalf of Darrell Allen Curlee: Motion Suggesting Incompetency and Request for Examination; Motion for Examination Regarding Insanity; Notice of Intent to Raise Insanity Defense; Motion to Proceed ex Parte and Motion for Appointment of Expert Assistance; and Motion for Advance Notice of Mental Examinations. Additionally Movant has been in consultation with the appointed expert in preparing the necessary defense of Mr. Curlee in this matter and has a good relationship with said accused.

4. The Court's Feb. 27, 2015 Order Appointing Counsel (attached hereto as Exhibit "A" and hereinafter referred to as "ORDER") was not predicated on Movant's inability to adequately represent Darrell Allen Curlee.

4. The ORDER was not due to any complaint or request of Darrell Allen Curlee regarding the services of Movant.

5.     The appointment of additional Counsel, as shown on Exhibit "A," is interfering in the representation of the Mr. Curlee as the ORDER establishes no clear definition as to what duties are assigned to each attorney.

6.     The ORDER, additionally, denying Darrell Allen Curlee due process of law by both extending the length of time before Mr. Curlee's case can be brought to trial and the length of possible incarceration of Mr. Curlee.

7.     The appointment of two attorneys to represent a single individual is, by routine practice in all areas of Texas, generally limited to Capital Murder cases. The appointment of additional counsel herein necessarily increases the cost of the defense of Mr. Curlee and is not only a waste of Hill County resources, but may also increase the repayment responsibility of Mr. Curlee, in the event he is found guilty of his charges.

8.     The ORDER effectively precludes Movant from representing Mr. Curlee since there is no requirement in the Texas Code of Criminal Procedure that only "lead" counsel present a motion, plea, etc. The only reference to "lead" counsel appears in TEX. CODE CRIM. PROC. Art. 26.052. (d)(2) and pertains to representation in Capital Murder cases in which the death penalty is sought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Movant prays that the Court will grant his motion on the face of this pleading. Alternatively, Movant requests that the Court set this matter for a hearing so that Movant may present evidence in support of this motion.

Respectfully submitted,

Terence A. "Tiger" Russell
Attorney & Counselor at Law
1040 E. Elm St.
PO Box 306
Hillsboro, TX 76645
Tel: (254) 580-9282
Fax: (254) 582-5593

By: _____
Terence A. "Tiger" Russell
State Bar No. 17437070
tiger_russell@att.net
Attorney for Darrell Allen Curlee

## CERTIFICATE OF SERVICE

This is to certify that on April 2, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Hill County, by *verified facsimile* to 254-582-4036 and served upon, Mr. Lyle Gripp via *email* to lgripp@aol.com.

_____
Terence A. "Tiger" Russell

## ORDER FOR A SETTING

On _____, 2015, the Defendant filed a Motion to Set Aside Feb. 27, 2015 Order Appointing Counsel. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, at _____.

Signed on _____.

_____
JUDGE PRESIDING



# EXHIBIT 12



**LEE HARRIS, JUDGE**
66TH JUDICIAL DISTRICT COURT
HILL COUNTY COURTHOUSE
P.O. BOX 284
HILLSBORO, TX 76645
(254) 582-4045
(254) 582-4010 fax
lharris@co.hill.tx.us

JANET McCONATHY
COURT REPORTER
jmcconathy@co.hill.tx.us

JANE HALL
COURT COORDINATOR
jhall@co.hill.tx.us

IDA ALCALA
ASST. COURT COORDINATOR
lalcala@co.hill.tx.us

April 17, 2015

Terence Russell
P.O. Box 306
Hillsboro, Texas 76645

Re:    Cause # 38,464 State V. Wendell Adkins
       Cause # 38,247 State V. Mark Labrecque
       Cause # 38,097 State V. Marsh, Henry Jr.
       Cause # 38,185 State V. Marsh, Henry Jr.
       Cause # 38,295 State V. Phillips, Michael
       Cause # 38,296 State V. Phillips, Michael
       Cause # 38,292 State V. Phillips, Michael
       Cause # 38,331 State V. Phillips, Michael
       Cause # 38,502 State V. Frasier, Christopher
       Cause # 37,458 State V. Curlee, Darrell

Dear Counsel,

Recently, it came to the attention of the Court that Mr. Russell has filed motions apparently complaining about the Court appointing additional counsel in the above referenced cases.

In those motions, Mr. Russell names himself as the movant even though he is not a named party. Mr. Russell further alleges that none of the defendants have complained. I have enclosed a letter received April 16, 2015 from defendant Darrell Curlee where he does complain about Mr. Russell's representation.

The Court is not and will not set these matters for hearing. Counsel cannot be movant in a case where in is not a party. Furthermore, the motions seem to seek explanations, or the like, from a member of the judiciary about actions taken in a judicial and fiduciary capacity to indigent defendants. Such are not appropriate matters for which the Court will conduct hearings.

Sincerely,

Lee Harris, Judge

CC:    DA, Mark Pratt          via fax 582-4036
       Hon. Josh Tetens        via fax 888-317-7610
       Hon. Patrick Dohoney    via fax 817-887-1338
       Hon. Mark Morris        via fax 254-757-1505
       Hon. Lyle Gripp         via fax 254-754-4824

Felony 37458
Misdimeanor 573-12

Dear Judge Lee Harris.

My name is Darrel Carlee
I am 69 years old and
have been incarserated since
the Fall of 2012.
I have been to court one
time and was passed.
Iv been her closeTo 3 years
and im nearly 70 years old and
my memory is not so clear
on even why Im here. I
remember the incodent of when
I was asalted by 2 younger
Males and was charged with
assalt with a deadly weapon for
trying to defend myself because
I was infear far My Life
I sastained Multiple Injuries
and pictures were taken.
I feel like nearly 3 years
of my life incarcerated for a
charge i bearly remember and understand
should be adiquite amount of time
And would like to get time served
on my charges. Today April 13, 2015

it seems that The powers that
be have once again have neglected
to get me to court so I can
be see and heard.
   I would really appriciate
your attention on these matters
because of my current situation
I am helpless to do for Myself

         Thank you so much
              Darrel A. Eubler

Darrel has a problem reading and writing
so he has ask for Help writing this
for him. His court appointed attorney
seems to be doing nothing to help
him "Tarrance Russell"

# EXHIBIT 13

# CRIMINAL DOCKET

Case #: __37,458__

SCANNED

| Style of Case | Attorneys | | Offense | Date of Filing | | |
|---|---|---|---|---|---|---|
| | DAN V DENT | | | Mo. | Day | Year |
| State Of Texas | State | | AGGRAVATED ASSAULT W/ A DEADLY WEAPON | 8 | 24 | 2012 |
| VS. | | | | | | |
| DARREL ALLEN CURLEE | Lawrence "Larry" Renald | | AGG ASSAULT THREAT-WITH A DEADLY WEAPON | | | |
| | | Defendant | | | | |

| Date of Orders | ORDERS OF COURT | Process |
|---|---|---|
| 04 24 12 | State & Def. agree on Def. being examined by Dr. Carl Childers Ph. D. re competency & insanity. By Order, it is signed by Tex. S.C. on the above. | |
| 9 24 12 | Clerk's cert. PT 10-18-12 FP7C (signed) | |
| 2 2 13 | Pract Mr. Renald bring to atty his lttr. for Expert Anstlein (Labeled) Expert but cul-Labeled Mr. Renald appears the columns that have Renald before Children & "chieb" psychlgist "Court began a sign of of Def. Childers for his information. (signed) | |
| 3 6 13 | (illegible) in Court re State by N. Crain, #891. Def. in person, his video & by atty & already Clerk's cert. Def. found incompetent & referred into State hospital for further evaluation. (signed) | |
| 6 24 13 | Order Extending Commitment (signed) | |
| 6 5 14 | States being conducted, setting probation (signed) | |

State of Texas
VS. No 37,458
DARREL ALLEN CURLEE

ORDERS OF COURT

Page Number: _____

| Date of Orders | |
|---|---|
| 2/8/15 | OT 4/13/15 @ 9:00 am |

# EXHIBIT 14

# DECLARATION OF TERENCE A. RUSSELL

STATE OF TEXAS §
§
COUNTY OF HILL §

**KNOW ALL MEN BY THE PRESENTS:**

"My name is Terence A. Russell, known as "Tiger" by friends and associates. I am over the age of 18, am an attorney duly licensed by the State Bar of Texas and have been in good standing since licensed in 1987. All of the facts set forth in this Declaration are true and correct and within my personal knowledge.

I have tried cases before a jury dealing with everything between murder and traffic tickets. I have practiced before courts in Dallas, Tarrant, Denton, Collin, Kaufman, Parker, Rockwall, Hood, Johnson, Somervell, Erath, Hamilton, Bosque, Wise, Navarro, Limestone, Morris, Taylor, Harris, Galveston, Ellis, and Hill Counties. No other court has ever questioned my capabilities or capacity to represent my clients. No other court has ever seen the necessity to even have a hearing to determine whether additional counsel should be appointed to represent my clients.

I was appointed to represent Darrell Curlee on August 13, 2012. At that time, Mr. Curlee was having severe mental problems, so I challenged both his competency and his sanity almost immediately, as well as filed a Notice of Intent to Raise Insanity. The initial psychologist declared Mr. Curlee to be both competent to stand trial and sane at the time of the commission of the offense. However, only a few weeks afterward, the jail captain brought to the court's attention that Mr. Curlee was seen "talking to shower heads" and hearing voices, so another competency hearing was held wherein, despite no professional testimony, Mr. Curlee was declared incompetent and sent to the State Hospital. Mr. Curlee was in the State Hospital for a lengthy period before being released and brought back to face his charges.

I have met regularly with Mr. Curlee, often just calling on him when doing necessary visitations with other clients just to check on him. I have also been working with an appointed expert on my defensive theory to the case. Mr. Curlee is facing a term of no less than 25 years in prison if convicted, due to two out of state convictions.

It was with great surprise that I received notice from the trial court that Lyle Gripp had been appointed as additional counsel, but even more so when it designated him as "lead" counsel. I received substantially the same Order on each and every pending case to which I had been appointed by the former judge. These Orders state that an additional counsel had been appointed and named as "lead" counsel. On none of these cases was a hearing held before the Order was entered.

I had previously set one of the 'additional counsel' cases, State v. Dean Dwayne Draper, Jr.; No. 33,893, for a docket call the very next morning. This was a very old case

wherein the defendant had been incarcerated elsewhere, first in the Collin County jail and thereafter in the Texas Department of Criminal Justice, from the day I was first appointed. Mr. Draper had called me a week or so earlier to inform me he had been released from the penitentiary despite having a Hill County hold. I arranged to have a court date scheduled so that he could appear to face the charges, notified him of such date, and, on that date, successfully negotiated a "time-served" deal pleasing the client and finally disposing of one of the court's old cases. The Honorable A. Lee Harris was presiding and voiced no complaint to my actions in court that day.

In another of those cases, State v. Wayne Louis Arellano; No. 38,425, prior to the appointment of additional counsel, I had negotiated a plea deal for 6 months State Jail and dismissal of another pending felony. Mr. Arellano had sufficient back time to discharge that sentence 'with change left over.' On March 2, I informed Mark Morris, the additional appointed counsel of the deal and the need to set a court date to dispose of the matter. On March 5, I received a fax from the trial court with an attached letter from Mr. Arellano complaining he was still sitting in jail despite having agreed to a deal that would have him released. It appeared to me that Mr. Morris had been neglectful of the matter, so I immediately contacted the coordinator to set up a date for plea at the earliest opportunity, that being March 13, 2015.

The Honorable A. Lee Harris presided over the plea on March 13, 2015, took the necessary evidence, questioned and duly admonished Mr. Arellano, found him guilty and sentenced him. There was no question regarding the reason I was present to represent Mr. Arellano. In fact, the judge and I engaged in what I thought was friendly conversation following the plea. I found it alarming that the court would write to me on March 18, 2015, essentially questioning my actions before him five days previously. I promptly responded with the reasoning behind my solo representation without further comment from the court.

Imagine my surprise and chagrin in receiving an email shortly thereafter from Mark Morris advising me not to do anything regarding the other client (with 4 cases stemming from an alleged home invasion) without getting his approval. At that point, Mr. Morris had not done anything, that I am aware of, to advance any of the four cases.

But having been chastised by the court for having not informed 'lead' counsel that I was doing my job in insuring my (our) client got the representation he deserved and being thereafter duly warned by that same 'lead' counsel that I basically had no responsibility or authority on the other cases involving him, I felt that I was tacitly removed as counsel for the remaining clients.

I was perplexed with the dilemma, having never faced court actions such as these, so I consulted with other members of the Texas Criminal Defense Lawyers Association for their advice. Most were as lost as I was, but a couple of them suggested that I give the court an opportunity to 'undo the damage,' so to speak, of it recent actions. I thereafter prepared a Motion to Set Aside the Order appointing lead counsel regarding every remaining case.

I do not know why, but no date was scheduled for hearing on any of the motions. After a more than adequate time for scheduling, my assistant contacted the court. The very next day, April 17, 2013, Honorable A. Lee Harris sent a letter to me and all the 'lead' counsel that he was not going to set a hearing on the Motions. His reasons were 1) that I was not the proper party to bring said motions, because I was not a 'named party' and 2) that the purpose of my motions was to seek explanations from a member of the judiciary about actions taken in a judicial and fiduciary capacity. Additionally, he felt it necessary to say a letter claimed that Relator was dissatisfied with Mr. Russell.

Actually, a clear reading of that letter shows it was complaining that Mr. Curlee had been sitting too long awaiting trial, and only mentioned Mr. Russell at the very end, probably misunderstanding the role of the attorney in controlling the court's docket.

At this time, I feel there is no other choice but to take this matter to a higher authority.

All of the documents attached to the Petition for Writ of Mandamus are true and correct copies of the original documents which are to be found among the records of the District Clerk of Hill County, Texas.

_____
Terence A. Tiger" Russell

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, this April 30, 2015.

_____
Notary in and for the State of Texas

Susan M Russell
My Commission Expires
01/21/2019

# EXHIBIT 15



IN THE
TENTH COURT OF APPEALS

_____

No. 10-15-00157-CR

IN RE DARRELL CURLEE

_____

Original Proceeding

_____

## MEMORANDUM OPINION

Relator's petition for writs of mandamus and prohibition are denied.


AL SCOGGINS
Justice

Before Justice Davis,
      Justice Scoggins, and
      Judge Strother[1]
Petition denied
Opinion delivered and filed June 11, 2015
[OT06]

---

[1] Ralph T. Strother, Judge of the 19th District Court of McLennan County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2013).

